UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TAYLA MOORE as Administrator of the
Estate of JAHRELL JENKINS, Deceased,
and as Mother and Legal Guardian
of the Minor Children, J.J. and L.J.;
1302 House Street
Columbia, South Carolina 29204

    Plaintiff(s),

v.

FRED'S WOODSHED, INC.;
17795 PA-287
Tioga, PA 16946

and

FRED HEFFELFINGER, JR. also known as
FRED BROWN;
17795 PA-287
Tioga, PA 16946

    Defendants.

Civil Action No._____

**COMPLAINT**

Jury Trial Demanded

## CIVIL COMPLAINT

Plaintiff, Tayla Moore, through her undersigned attorneys, Welch, Donlon & Czarples PLLC, brings the following Complaint against the above-captioned Defendants as follows:

### I. PARTIES

1. Plaintiff, Tayla Moore, is an individual and resident of the State of South Carolina and resides with her minor children, J.J. and L.J. at the above stated address.

2. At all times relevant, prior to living in South Carolina, Plaintiff lived with Decedent, Jahrell Jenkins, at 553 Grove Street in Elmira, Chemung County, New York, 14901.

3. At all times relevant, prior to his untimely death on May 31, 2020, Decedent, Jahrell Jenkins, lived at and was domiciled at the 553 Grove Street in Elmira, Chemung County, New York, 14901.

4. The minor children, J.J. and L.J., are the natural children of Decedent, Jahrell Jenkins.

5. Plaintiff, Tayla Moore, is the natural mother and current sole legal guardian for J.J. and L.J.

6. Plaintiff, Tayla Moore, as the Administrator appointed via Court order dated March 16, 2022, attached hereto and incorporated herein as Exhibit A, of the Estate of Jahrell Jenkins, brings this action on behalf of their minor children and on behalf of all other persons entitled to recover damages pursuant to 42 Pa.C.S.A. Sections 8301 and 8302, respectively.

7. Upon information and belief, Defendant Fred's Woodshed Inc. is a Pennsylvania corporation with its headquarters and principal place of business located at 17795 PA-287, Tioga, Tioga County, PA 16946.

8. Upon information and belief and at all times hereinafter mentioned, Defendant Fred Heffelfinger, Jr. a/k/a Fred Brown (hereinafter "Heffelfinger") was a resident and domiciliary of the State of Pennsylvania.

9. Upon information and belief, Defendant Heffelfinger was the owner and operator of the Fred's Woodshed club located at 17795 PA-287, Tioga, Tioga County, Pennsylvania. See Deed attached hereto and incorporated herein by reference as Exhibit B.

10. Upon information and belief, Defendant Heffelfinger was a member of the corporate board of Fred's Woodshed, Inc.

11. Upon information and belief, Defendant Heffelfinger was in sole and total control of Fred's Woodshed, as well as the owner of the property where the club was situated as stated above.

## II. JURISDICTION AND VENUE

12. Jurisdiction is conferred upon this Court by virtue of Diversity of the parties, 28 USC Section 1332(a) as the parties are citizens of different states and the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000. Plaintiff was a citizen resident of the State of New York and now is a citizen resident of South Carolina and Defendant is a citizen of, maintains a principal place of business and is a domiciliary of the Commonwealth of Pennsylvania.

13. Venue is properly laid in the Middle District of Pennsylvania as a substantial part of all the relevant events giving rise to this negligence action occurred in Tioga, Tioga County, Pennsylvania, within this district.

## III. SUMMARY OF THE FACTS

14. Defendant Fred's Woodshed Inc. (hereinafter, "Fred's" or "Fred's Woodshed") and/or Defendant Heffelfinger (sometimes referred to herein as "Defendants") owned and operated a bar and gentleman's club located at 17795 PA-287, Tioga, PA 16946.

15. Upon information and belief, Fred's was open to the public and served beverages that contained alcohol.

16. On or about May 30, 2020, Decedent Jahrell Jenkins (hereinafter, "Decedent") and some of his friends patronized Fred's Woodshed in celebration of Decedent's 20th birthday.

17. Upon information and belief, Defendant Fred's and its agents, servants and/or employees served alcoholic beverages to persons under the age of 21 years old, including but not limited to, the Decedent in violation of the law; or in the alternative, permitted on-

site consumption of alcohol by people under the age of 21, knowingly permitting the same in contravention of the law.

18. Upon information and belief, pursuant to 47 P.S. Section 4-406(a)(2) et seq., and various local and Pennsylvania rules and codes, Defendant Fred's was directed to close each morning at 3:00 a.m.

19. Upon information and belief, it was common for Defendant Fred's to ignore the above-mentioned regulations and instead remain open until 4:00 a.m. or even 5:00 a.m.

20. On the night of May 30, 2020, and into the early morning hours of May 31, 2020, Fred's made the decision to stay open past 3 a.m.

21. Upon information and belief, around 3:20 a.m. to 3:45 a.m., a physical altercation broke out inside of Fred's Woodshed.

22. Upon information and belief, Fred's security staff and/or bouncers were instructed, trained, and/or provided with pepper spray to control the crowds at Fred's Woodshed.

23. At the aforementioned time and place, when the altercation broke out, Fred's agents, servants and/or employees used said pepper spray to clear out the crowd from the inside of the club to the parking lot, which was also owned/controlled by Defendant.

24. Upon information and belief, Decedent was within the group of people that Fred's agents, servants and/or employees moved into the parking lot via pepper spray.

25. Defendant Fred's, exposed said crowd, including the Decedent, to an increased risk of danger by moving people from the safety of the inside of the club, to the unpredictable and more dangerous open air parking lot.

26. Once he was ushered out by Defendant Fred's agents, servants and/or employees via pepper spray into Fred's parking lot, Decedent was shot in the back by an

unknown assailant, believed to be a black male between ages 20 to 25 years old, 180 pounds, braided hair, wearing a white t-shirt and blue jeans.

27. Said shot was ultimately fatal, with Decedent being rushed via ambulance to UPMC Wellsboro, Pennsylvania, where he succumbed to the gun shot injuries.

28. Upon information and belief, Fred's Woodshed's agents, servants and/or employees served alcohol to Decedent even though he was under the age of 21 and/or permitted him to consume alcohol on its premises, in violation of Pennsylvania's Dram Shop laws, 47 P.S. Sections 4-493.1

29. Upon information and belief, Fred's Woodshed's agents, servants and/or employees served alcohol to the man who shot Decedent, who was either under the age of 21 or visibly intoxicated at the time of the shooting, in violation of Pennsylvania's Dram Shop laws, 47 P.S. Sections 4-497.

30. Upon information and belief, Fred's Woodshed through its agents, servants and/or employees negligently and carelessly executed security protocols at the club on the aforementioned dates.

31. Upon information and belief, several violent events occurred on the Fred's Woodshed premises, including the parking lot, in the months and years prior to Decedent's shooting.

32. Therefore, Defendants knew, or upon reasonable inspection, investigation or inquiry should have known, through actual and/or constructive notice that its premises and security protocols were unsafe for its patrons and the public at large thus making future acts of violence such as Decedent's death foreseeable.

33. Defendants knew, or upon reasonable inspection, investigation or inquiry should have known, that bodily assaults, including Decedent's shooting, were likely to

occur, and failed to give adequate warning to patrons and other visitors to avoid such harm, or otherwise protect them against it.

34. To the contrary, Defendants, through its agents, servants and/or employees, placed the aforementioned crowd, including the Decedent at an increased risk of harm by moving them from inside of the club to the outside of the club in a violent and unorganized fashion, and during an ongoing altercation exacerbated by improper use of pepper spray.

35. Defendants knew, or upon reasonable inspection, investigation or inquiry should have known, of various recent criminal activities and incidents at its club and parking lot but failed to ensure adequate responsive security measures to protect its invitees such as Decedent.

36. Decedent relied upon Defendants through its agents, servants and/or employees, to exercise reasonable care *vis a vis* the aforementioned risk of harm on its premises.

37. Defendants through its agents, servants and/or employees, thus failed to conform to its duty under the law causing Decedent's injuries and death.

### IV. COUNT I: PREMISES LIABILITY
### Moore, et. al. v. Fred's Woodshed, Inc. and Fred Heffelfinger Jr. a/k/a Fred Brown

38. Plaintiff incorporates the foregoing paragraphs 1-37 as if set forth at length herein.

39. At all times relevant hereto, Defendant, Fred Heffelfinger, Jr. a/k/a Fred Brown, owned, possessed, controlled, and/or occupied the premises and thus was under a duty and obligation, written or otherwise, to maintain the subject premises in a manner safe for members of the public including providing a safe area for patrons to enjoy the aforementioned bar and gentleman's club.

40. At all times material, Plaintiff's Decedent was a business invitee on the subject premises.

41. As Decedent was a business invitee, Defendants through its agents, servants and/or employees were under the further duty and responsibility to reasonably inspect the premises for unreasonable dangers, hazards, and harms.

42. Defendants, through its agents, servants and/or employees breached its duty of care owed to Decedent by negligently, carelessly, and recklessly:

(a) Failing to maintain the premises in a safe condition;

(b) Failing to investigate, inquire, inspect to discover or realize that prior acts of violence took place upon Defendants' premises and provide warning to visitors and/or otherwise protect them against such harm;

(c) Failing to ensure minimal security precautions were in place having knowledge of prior criminal activity upon Defendants' premises;

(d) Failing to ensure Defendants' agents, servants and/or employees working as security personnel/bouncers were executing a properly designed plan and/or were properly trained to perform such security measures.

(e) Failing to exercise reasonable care given the possibility, prospect or probability of increased risk of harm from third persons present upon Defendant's property;

(f) Failing to adhere to industry standards regarding adequate and/or minimal security protocol;

(g) Failing to employ responsive, adequate, sufficient security measures through its agents, servants and/or employees;

(h) Failing to hire competent, knowledgeable experienced security personnel/bouncers;

(i) Failing to employ reasonable crowd control measures rather than resort to the improper use of pepper spray, which caused patrons including the Decedent to be at an increased risk of harm; and,

(j) other negligence, acts, omissions, and conduct reasonably resulting in the foregoing incident, damages, and harms.

43. As a direct result of the negligence and carelessness of the Defendants, Plaintiff's Decedent suffered painful and permanent injuries resulting in death, to wit, he was shot in the back eventually resulting in his untimely death.

44. As a direct and proximate result of Defendant's negligence and carelessness, Plaintiff's Decedent has suffered and incurred economic damages including lost wages, earning capacity, lost household services, lost childcare, medical bills, and funeral bills.

45. Plaintiff's decedent suffered conscious pain and suffering, fear of impending death, and other non-economic loss near the time of his death.

WHEREFORE, Plaintiff, Tayla Moore, as Administrator of the Estate of Jahrell Jenkins, Deceased, and as Mother and Legal Guardian of the Minor Children, J.J. and L.J., demands judgment in her favor and against the Defendants, Fred's Woodshed and Fred Heffelfinger, Jr. a/k/a Fred Brown, both jointly and severally, in an amount in excess of $75,000, plus interest, delay damages, and costs of suit and such other remedy as this Court may deem appropriate.

### V. COUNT II: NEGLIENCE
### Moore, et. al. v. Fred's Woodshed, Inc.
### and Fred Heffelfinger Jr. a/k/a Fred Brown

46. Plaintiff incorporates the foregoing paragraphs 1-47 as if set forth at length herein.

47. Defendants, at all times relevant hereto, owed a duty to Plaintiff's Decedent to prevent harm to him while on Defendants' premises.

48. Defendants' negligence, carelessness, and recklessness include, but are not limited to:

(a) Failing to maintain a safe and secure premises;

(b) Failing to adhere to legally permitted opening and closing times/breaking legal curfew;

(c) Failing to restrict minors under age 21, such as Plaintiff's Decedent, by serving/allowing minors to consume alcohol on site;

(d) Failing to properly hire, supervise, and/or train its agents, servants and/or employees including its security personnel and/or bouncers;

(e) Failing to hire, employ, contract, and/or maintain personnel and/or volunteers to ensure a safe premises;

(f) Failing to employ a reasonable measure of force, rather than the negligent use of pepper spray, against its own patrons causing them to redirect and relocate patrons to the more dangerous open air parking lot;

(g) Failing to warn patrons including Plaintiff's Decedent of the foreseeable risk of bodily harm caused by third persons;

(h) Defendants have violated various statutes, rules, and regulations as stated above as a result of its conduct in relation to this incident, thus Plaintiff has a *negligence per se* cause of action against Defendants; and,

(i) Other negligence, acts, omissions, and conduct reasonably resulting in the foregoing incident, damages, and harms.

49. As a direct and proximate result of Defendants' negligence and carelessness, Plaintiff's Decedent has suffered and incurred economic damages including lost wages, earning capacity, medical bills, and funeral bills.

50. Plaintiff's Decedent suffered conscious pain and suffering, fear of impending death, and other non-economic loss near the time of his death.

WHEREFORE, Plaintiff, Tayla Moore, as Administrator of the Estate of Jahrell Jenkins, Deceased, and as Mother and Legal Guardian of the Minor Children, J.J. and L.J., demands judgment in her favor and against the Defendants, Fred's Woodshed and Fred Heffelfinger, Jr. a/k/a Fred Brown, both jointly and severally, in an amount in excess of $75,000, plus interest, delay damages, and costs of suit and such other remedy as this Court may deem appropriate.

### VI. COUNT III: WRONGFUL DEATH
### Moore, et. al. v. Fred's Woodshed, Inc.
### and Fred Heffelfinger Jr. a/k/a Fred Brown

51. Plaintiff incorporates the foregoing paragraphs 1-50 as if set forth at length herein.

52. Defendants' negligence as outlined above proximately caused the death of Plaintiff's Decedent.

53. As a direct result of Defendants' negligence, Plaintiff's Decedent has incurred expenses, including but not limited to expenses for medical attention and other expenses.

54. As a result of Defendants' negligence, Plaintiff's Decedent has suffered severe loss of earnings and impairment of earning capacity and powers.

55. As a result of Defendants' negligence, Plaintiff's Decedent has suffered severe physical pain and physical, mental, and emotional anguish and humiliation from injuries which were serious and permanent in nature and resulted in his death.

56. The persons entitled as a matter of law to recover damages for Plaintiff's Decedent's wrongful death pursuant to 42 PA.C.S. Section 8301, et seq., sustained the following damages:

(a) Expenditure of money for medical services and supplies incident to the death of Decedent;

(b) Expenditure of money for funeral and estate expenses because of Decedent's death;

(c) Emotional and psychological loss because of Decedent's death;

(d) Plaintiff's deprivation of the loss of services, assistance, guidance, counseling, companionship/parenting, and society of the Decedent;

(e) Plaintiff's deprivation of the financial support and all pecuniary benefits which they would have received from the Decedent;

(f) Plaintiff's expense of estate administration; and,

(g) Plaintiff's other losses and damages recoverable by law.

WHEREFORE, Plaintiff, Tayla Moore, as Administrator of the Estate of Jahrell Jenkins, Deceased, and as Mother and Legal Guardian of the Minor Children, J.J. and L.J., demands judgment in her favor and against the Defendants, Fred's Woodshed and Fred Heffelfinger, Jr. a/k/a Fred Brown, both jointly and severally, in an amount in excess of $75,000, plus interest, delay damages, and costs of suit and such other remedy as this Court may deem appropriate.

### VII. COUNT IV: SURVIVAL ACTION
**Moore, et. al. v. Fred's Woodshed, Inc.
and Fred Heffelfinger Jr. a/k/a Fred Brown**

57. Plaintiff incorporates the foregoing paragraphs 1-56 as if set forth at length herein.

58. As a result of the previously described negligence of the Defendants, the Plaintiff, as administrator of the estate, seeks damages pursuant to 42 PA.C.S. Section 8302, et seq., for the following items:

(a) Pain, suffering, inconvenience, of the Decedent until the time of his death;

(b) Decedent's lost earnings less the cost of his maintenance;

(c) Hospital, medical, surgical, and nursing expenses incurred on the Decedent's behalf;

(d) Emotional distress, anxiety, and nervousness; and,

(d) Other damages and losses permitted by law.

WHEREFORE, Plaintiff, Tayla Moore, as Administrator of the Estate of Jahrell Jenkins, Deceased, and as Mother and Legal Guardian of the Minor Children, J.J. and L.J., demands judgment in her favor and against the Defendants, Fred's Woodshed and Fred Heffelfinger, Jr. a/k/a Fred Brown, both jointly and severally, in an amount in excess of $75,000, plus interest, delay damages, and costs of suit and such other remedy as this Court may deem appropriate.

Date: April 19, 2022

WELCH, DONLON & CZARPLES PLLC

By: _____
Anna Czarples, Esq.
PA Atty. ID # 325536
Megan K. Collins, Esq.
PA Atty. ID # 329681
Attorneys for Plaintiff
8 Denison Pkwy E, Suite 203
Corning, NY 14830
Tele: 607-936-8057
Emails:
anna@wdcinjurylaw.com
megan@wdcinjurylaw.com