# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAYLA MOORE, *as Administrator of the Estate of JAHRELL JENKINS, Deceased, and as Mother and Legal Guardian of the Minor Children, J.J. and L.J.*, | No. 4:22-CV-00576 |
| | (Chief Judge Brann) |
| Plaintiff, | |
| v. | |
| FRED'S WOODSHED, INC. and FRED HEFFELFINGER, JR., *a/k/a Fred Brown*, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### JUNE 13, 2024

**I.   BACKGROUND**

On April 5, 2024, the Court ordered Plaintiff, Tayla Moore, to show cause as to why this case should not be dismissed under Federal Rule of Civil Procedure 41(b) for a failure to prosecute by June 4, 2024.[1] The Court provided Moore with the alternative option of filing a motion for entry of default against the Defendants, Fred's Woodshed, Inc. and Fred Heffelfinger, Jr., pursuant to Federal Rule of Civil

---

[1]   Doc. 12 (April 5, 2024 Order to Show Cause).

Procedure 55(a).[2] Since then, the Court has received no communication from Moore. Accordingly, I now dismiss her case with prejudice under Rule 41(b).

## II. DISCUSSION

Rule 41(b) "authorizes district courts to involuntarily dismiss an action, with prejudice, 'where a plaintiff fails to prosecute or to comply with these rules or a court order ….'"[3] "Dismissals for failure to prosecute are 'drastic' and 'extreme' sanctions and 'should be reserved' for cases where there has been 'flagrant bad faith' on the part of the plaintiffs."[4] In reaching a decision, the Court is required to consider six factors identified by the United States Court of Appeals for the Third Circuit in *Poulis v. State Farm Fire Ins. & Cas. Co.*: "(1) the extent of the party's personal responsibility; (2) the prejudice to the [adversary]; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claims or defense."[5] No "single *Poulis* factor is dispositive" and "not all of the *Poulis* factors need to be satisfied in order to dismiss" a case.[6]

---

[2] *Id.*
[3] *Beale v. Experian Info. Sols., Inc.*, Civ. A. No. 22-4810, 2023 U.S. Dist. LEXIS 229382, at *2 (E.D. Pa. Dec. 27, 2023) (quoting FED. R. CIV. P. 41(b)).
[4] *Barger v. Walton*, 260 F. App'x 476, 477 (3d Cir. 2008) (quoting *Poulis v. State Farm Fire Ins. & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984)).
[5] *Id.*
[6] *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) and *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).

### A. Plaintiff's Personal Responsibility

Since the Court granted the Motion to Withdraw as Attorney on April 4, 2024, Moore has been proceeding *pro se*. Accordingly, the responsibility for her failure to respond to the Court's April 5, 2024 Order is solely her own. As such, this factor supports dismissal.

### B. Prejudice to the Adversary

Ordinarily prejudice to the adversary would support dismissal as this case has remained dormant for two years. However, the Defendants have never once appeared. This factor is neutral under these circumstances.

### C. History of Dilatoriness

"'[E]xtensive or repeated delay or delinquency constitutes a history of dilatoriness ….'"[7] The Third Circuit has held "that 'extensive' delay can create a history of dilatoriness."[8] This means that the plaintiff "does nothing …."[9] As a result, Plaintiff's behavior supports dismissal under this factor. She has not advanced this case for approximately two years. This exemplifies a clear history of dilatoriness.

---

[7] *Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 135 (3d Cir. 2019) (quoting *Adams v. Tr. of the New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994)).
[8] *Id.* (citing *Adams*, 29 F.3d at 874).
[9] *Id.* (quoting *Adams*, 29 F.3d at 875).

### D.   Willful or Bad Faith Behavior

Next, I must determine whether Plaintiff's conduct was willful or taken in bad faith. Nothing in the record before the Court suggests that Moore acted in bad faith, but her conduct was willful. As discussed above, Moore did not advance this case for approximately two years. More critically, she failed to respond to the Court's April 5, 2024 Show Cause Order that had been mailed to her address on file. As the Third Circuit has stated, "[a]bsence of reasonable excuses may suggest that the conduct was willful or in bad faith."[10] Here, Plaintiff has not offered any excuse, let alone a reasonable one.[11] Consequently, this factor supports dismissal.

### E.   Effectiveness of Other Sanctions

When determining if dismissal under Rule 41(b) is appropriate, the Court is required to evaluate the effectiveness of other sanctions. I conclude that lesser sanctions would be completely ineffective. While the Court may impose a monetary fine, there is no indication that Moore would respond. When faced with a nonresponsive party, any action short of dismissal would fall on deaf ears. I therefore conclude that this factor also supports dismissal.

---

[10]   *Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005) (citing *Ware*, 322 F.3d at 224).

[11]   *See e.g.*, *Hynes v. Derry Twp. Sch. Dist.*, No. 1:21-cv-01736, 2024 U.S. Dist. LEXIS 45597, 2024 WL 1118975 (M.D. Pa. Mar. 14, 2024) (Kane, J.) (collecting cases). *See also Alva v. Sage*, No. 1:23-cv-01203, 2023 U.S. Dist. LEXIS 193615, 2023 WL 7111226 (M.D. Pa. Oct. 27, 2023) (Kane, J.).

### F.  Meritoriousness of the Claim

Finally, the Court is required to evaluate the meritoriousness of Plaintiff's claims. As the Defendants have never once appeared and responded to the allegations, Moore would be able to pursue a default judgment. Thus, this factor counsels against dismissal.

## III.  CONCLUSION

After carefully weighing the six *Poulis* factors, the Court concludes that four of these factors support dismissing this case with prejudice. Dismissal is therefore warranted. In accordance with the above, **IT IS HEREBY ORDERED** that:

1. Pursuant to Federal Rule of Civil Procedure 41(b), this case is **DISMISSED WITH PREJUDICE** for failure to prosecute; and

2. The Clerk of Court is directed to **CLOSE** this case.

                            BY THE COURT:

                            *s/ Matthew W. Brann*
                            Matthew W. Brann
                            Chief United States District Judge